IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTROOM SCIENCES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:09-CV-251-O |
| | § | |
| CINDY ANDREWS | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cindy Andrews' ("Andrews") Motion to Transfer Venue (Doc. # 13) and Plaintiff Courtroom Sciences, Inc.'s ("CSI") Opposition to Defendant's Motion to Transfer (Doc. # 37). Having reviewed the motion and the applicable law, the Court finds that Defendant's motion should be and is hereby DENIED.

### I. BACKGROUND

The background and relevant facts of this case are set out in the Memorandum Opinion and Order Granting Motion for Preliminary Injunction (Doc. # 48). Without restating those facts, generally this case involves CSI's complaint that Andrews, a former CSI employee, breached her CSI employment contract. CSI originally initiated this action in state court in Dallas, Texas. Andrews removed the case to the Dallas Division of the United States District Court for the Northern District of Texas. She then filed the present motion requesting that this case be transferred to Illinois pursuant to 28 U.S.C. § 1404(a).

### II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been

brought." 28 U.S.C. §1404(a). When considering a motion to transfer venue, a district court must consider a number of private and public interest factors 'none of which can be said to be of dispositive weight." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008); *see also In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003). The private factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *In re Volkswagen of Am. Inc.*, 545 F.3d at 315. The public interest factors include: (1) judicial economy; (2) interests associated with having local interests decided locally; (3) forum familiarity with the law at issue; and (4) problems arising from conflict of law. *Id.*

When ruling on a motion to transfer venue, the first issue that a district court must decide is whether the district or division to which transfer is sought is one where the civil action "might have been brought.[1]" 28 U.S.C. § 1404. Plaintiff's residence is in the Northern District of Texas, while and Andrews works and resides is in the Northern District of Illinois. Under 28 U.S.C. § 1391(a), venue exists in "(2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." CSI's breach of contract claim is based, in part, on Andrews' retention of, and failure to return, property to CSI. That property was at her home in Illinois. Plaintiff does not dispute that venue would have been proper in Illinois. *See generally,* Doc. # 37. Therefore, the Court concludes a substantial part of the actions and property complained of occurred in the Northern District of Illinois such that it is a forum where this lawsuit could have been brought.

---

[1]While Andrews does not specify a Federal District within Illinois, her motion is based on the convenience factors in 1404(a) and she argues it is more convenience there based on her residence and work location in Hinsdale, Illinois which is near Chicago. Mot., p. 2, 4. The City of Chicago is within the Northern District of Illinois.

Next, Defendant has the burden to demonstrate that the Northern District of Illinois is clearly more convenient than the Northern District of Texas. This means that Defendant must show good cause by demonstrating that the transfer is "[f]or the convenience of the parties, in the interest of justice." *In re Volkswagen of Am. Inc.*, 545 F.3d at 314. When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered. *Id.*

Here, Defendant contends the forum selection clause is not applicable because CSI breached the contract. In addition, she contends that all of the allegations forming the basis for CSI's claims occurred outside of Texas, she lives in Hindale, Illinois, and the documents . She also points to witnesses who are familiar with her work history and people associated with a capital murder case who can testify for her. Mot., p. 2-3, 8; Declaration of Cindy Andrews, p. 2, 4. CSI disputes these contentions and asserts Andrews has failed to sustain her burden to show the Northern District of Illinois is a clearly more convenient forum. *See generally* CSI Response.

While it may be true that it would be convenient for Andrews if this case were to be transferred, this is not the test that the Court must conduct in making its decision. Having reviewed the evidence presented by the pleadings in this case, and having assessed the private interest factors including the costs associated with having witnesses appear, the availability of compulsory process, and access to sources of proof, the Court determines that transferring this case to Illinois will be no more convenient than this forum. In addition, all of the public interest factors either weigh in favor of CSI or are neutral. First, there has been no information presented on whether judicial economy will be better served if this case is sent to Illinois. Indeed, it appears judicial economy will be better conserved by retaining the case in this district since this Court has heard the preliminary injunction

3

motion. Further, this Court is familiar with the legal issues underlying this case and there is no significant choice of law issue. Finally, the employment contract at issue was signed in Dallas, Texas, making the interests of the citizens in this district relevant to the disposition of this case.

After considering all of the public and private factors, Andrews has failed to carry her burden to prove the interests of justice are best served in the transfer to the Northern District of Illinois. *See In re Volkswagen of Am. Inc., supra.* Therefore, it is ORDERED that Defendant's Motion to Transfer Venue (Doc. # 13) is hereby DENIED.

Signed this 2nd day of September, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**